IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADRIANA ESPINOZA and ADRIANA'S MARKET,<br><br>                   Plaintiffs,<br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, DOES I-X and ROES I-X,<br><br>                   Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT STATE FARM'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No.: 1:13-cv-00057 DN<br><br>District Judge David Nuffer |

The above-entitled matter came before the court on Defendant State Farm Fire and Casualty Company's ("State Farm") Motion for Partial Summary Judgment.[1] Plaintiffs did not oppose the Motion.[2] After consideration of the matter, the court granted[3] State Farm's Motion and desires to briefly set forth the basis for doing so.

## UNDISPUTED FACTS

Early in the morning on June 17, 2011, a fire broke out at Adriana's Market ("the Market") in Ogden, Utah.[4] At the time of the fire, the Market was insured by a business insurance policy

---

[1] Docket No. 16, filed August 1, 2013.

[2] Docket No. 17, filed August 13, 2013. (entitled "Plaintiffs' Non-Opposition to Defendant's Motion for Partial Summary Judgment and Supporting Memorandum")

[3] Docket No. 18, filed September 3, 2013.

[4] Docket no. 16, Defendant's Motion for Partial Summary Judgment, Statement of Undisputed Material Facts at ¶ 12, filed August 1, 2013.

issued by State Farm.[5] State Farm investigated the claim, retaining a fire expert and forensic accountant, as well as relying on investigations performed by the Ogden City Fire and Police Departments.[6] On July 12, 2012, State Farm denied Plaintiffs' claim on the grounds that it believed the fire was intentionally set and that the Market's financial records showed the claim had been misrepresented.[7] On March 14, 2013, Plaintiffs filed this action against State Farm for breach of contract and breach of the implied covenant of good faith and fair dealing (bad faith).[8]

State Farm filed a motion for partial summary judgment to dismiss Plaintiffs' second cause of action of Plaintiffs' Complaint.[9] The basis for State Farm's motion was that its decision to deny Plaintiffs' claim was fairly debatable. State Farm supported its motion with factual citations and legal authority. Plaintiff did not oppose the Motion.[10]

## CONCLUSIONS OF LAW

State Farm's decision and basis for the decision to deny plaintiff's claim was fairly debatable. State Farm conducted a detailed investigation of the claim, relying on experts, sworn statements, and the findings of independent agencies, all of which confirmed that the claim was fairly debatable. Therefore the court finds as a matter of law that under legal standard set forth in

---

[5] *Id.* at ¶¶ 5-10.

[6] *Id.* at ¶¶ 15-19, 35.

[7] *Id.* at ¶ 43.

[8] *Id.* at ¶ 44.

[9] *Id.*

[10] Docket No. 17, filed August 13, 2013. Plaintiffs' responsive pleading stated: "Plaintiffs have advised Counsel that they do not have the ability or the desire to file an opposition to the Motion for Partial Summary Judgment that was recently filed by the Defendants in this matter. As such, pursuant to Plaintiffs' instructions counsel has filed this non-opposition to let all parties and the Court know that Plaintiffs do not oppose the requested relief."

*Saleh v. Farmers Ins. Exch.*,[12] State Farm is not liable for the claims made in the second cause of action of Plaintiffs' Complaint.

## **ORDER**

Based upon the foregoing and for the reasons stated in the brief filed by State Farm, it is

HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Partial Summary Judgment is granted and the claims of Plaintiffs' second cause of action in the Complaint are hereby dismissed with prejudice.

Dated September 10, 2013.

BY THE COURT:

_____
David Nuffer
United Stated District Court Judge

---

[12] 2006 UT 20, 133 P.3d 428 ("If a claim brought by an insured against an insurer is fairly debatable, failure to comply with the insured's demands cannot form the basis of bad faith").