IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ADRIANA ESPINOZA and ADRIANA'S MARKET,<br><br>                    Plaintiffs,<br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, DOES I-X and ROES I-X,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFFS' CASE WITH PREJUDICE**<br><br>Case No.: 1:13-cv-00057 DN<br><br>District Judge David Nuffer |

On October 15, 2013, after counsel for Plaintiffs Adriana Espinoza and Adriana's Market (collectively "Plaintiffs") filed a motion to withdraw,[1] the court granted the withdrawal and entered its Order on Motion for Withdrawal of Counsel for Petitioner (the "Order").[2] That Order required Plaintiffs to appear or appoint counsel within twenty-one (21) days, and warned them that failure to do so could result in "sanctions pursuant to Federal Rule of Civil Procedure 16(f), including but not limited to dismissal of their complaint."[3]

Three days later, on October 18, 2013, Defendants filed a Notice to Appoint Counsel (the "Notice").[4]  The Notice quoted the Order and again warned Plaintiffs that they needed to appear or

---

[1] Motion for Withdrawal of Counsel, docket no. 20, filed October 14, 2013.

[2] Docket no. 21.

[3] *Id.*

[4] Docket no. 22.

appoint counsel and that failure to do so may result in dismissal of their complaint.[5]

By November 12, 2013, Plaintiffs had not appeared or appointed counsel. On that same date, Defendant filed a Motion to Dismiss for Failure to Appear or Appoint Counsel (the "Motion").[6] Defendant moved for dismissal of Plaintiffs' complaint under Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiffs failed to comply with the Order and because they received sufficient warnings from both the court and the Defendant that failure to appear or appoint counsel could lead to dismissal, yet Plaintiffs failed to appear or appoint counsel. To date, notwithstanding the multiple warnings from the court and Defendant, Plaintiffs have failed to appear or appoint counsel. Plaintiffs have also failed to respond to Defendant's Motion.

## Discussion

Plaintiffs have had ample opportunities to appear or appoint counsel, and have been warned on several occasions that failure to do so could result in dismissal of their complaint. Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action or any claim against it."[7]

Plaintiffs have not complied with the Order by failing to appear or appoint counsel. Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, their complaint is dismissed with prejudice.

---

[5] *Id.*

[6] Docket no. 23.

[7] Fed. R. Civ. P. 41(b).

**ORDER**

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant State Farm's Motion to Dismiss for Failure to Appear or Appoint Counsel[8] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' complaint[9] is DISMISSED WITH PREJUDICE.  The Clerk shall close the case.

Dated December 18, 2013.

BY THE COURT:

_____
David Nuffer
United Stated District Court Judge

---

[8] Docket no. 23.

[9] Docket no. 1-1, filed March 14, 2013 in the Second Judicial District Court, Weber County, State of Utah, and removed to this court on April 9, 2013.